UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE L.,<br><br>     Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>     Defendant. | Case No. 25-cv-10350<br><br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 10, 12)**

## I.     Introduction

Plaintiff Stephanie L. appeals the final decision of defendant

Commissioner of Social Security (Commissioner), which denied her

application for disability insurance benefits (DIB) and supplemental security

income (SSI) under the Social Security Act.  Both parties consented to the

undersigned conducting all proceedings under 28 U.S.C. § 636(c) and

moved for summary judgment.  ECF No. 8; ECF No. 10; ECF No. 12.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of "osteoarthritis, status post right total knee arthroplasty; right peroneal nerve neuropathy; and fibromyalgia."  ECF No. 6-1, PageID.167.

2. Plaintiff had no impairments that met or medically equaled a listed impairment.  *Id.*, PageID.169.

3. Plaintiff had the residual function capacity (RFC) to perform light work "except stand and/or walk 4 of 8 hours with the option to alternate between sitting and standing at approximate hourly intervals; never climb ladders; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme cold and wetness; no work at unprotected heights, with unguarded moving mechanical parts, or on uneven or slippery terrain. *Id.*

Relying on the testimony from a vocational expert, the ALJ found that jobs existed in the national economy that plaintiff could perform, and that plaintiff was not disabled.  *Id.*, PageID.173-174.

## II.   Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ erred by finding her mental impairments to be non-severe and by failing to discuss those impairments in determining her residual functional capacity (RFC).  ECF No. 10, PageID.1325-1336;

3

ECF No. 13, PageID.1363-1368.  The Court disagrees and affirms the ALJ's decision.

**B.**

The ALJ found plaintiff's depression and anxiety to be non-severe impairments because they did "not cause more than minimal limitation in the claimant's ability to perform basic mental work activities" and were "well controlled on medication, with no side effects."  ECF No. 6-1, PageID.167-171.  Applying the paragraph B criteria, she found that plaintiff had mild limitations in two criteria and no limitations in two of them.  *Id.*, PageID.167-169.  And while the ALJ noted "the limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment," she recognized her obligation to address plaintiff's "mental residual functional capacity assessment" at steps 4 and 5 of her decision.  *Id.*, PageID.168.  After considering "all symptoms" and "the entire record," the ALJ included no limitations in the RFC for plaintiff's mental impairments.  *Id.*, PageID.166, 169, 172 (citing 20 C.F.R. § 404.1520(e), 404.1545, 416.945; Social Security Ruling (SSR) 96-8p).

In support of her conclusion, the ALJ noted that two state agency psychological consultants persuasively concluded that plaintiff had no severe mental impairments:

4

> These opinions, the assessment that the claimant's mental impairment[s] are not severe, are persuasive. The opinions are supported by explanation and consistent with the record as a whole, which documents minimal mental health complaints from the claimant, no psychiatric treatment, counseling, or emergency room visits for psychiatric complaints. The claimant's long-term treatment plan with medications appears to manage her symptoms.

*Id.,* PageID.171.

The ALJ's analysis aligns with that approved by the Sixth Circuit.  In *Emard v. Comm'r of Soc. Sec.*, the ALJ stated that she had reviewed the entire record and all symptoms, although she did not expressly discuss the plaintiff's non-severe impairments in assessing the RFC.  953 F.3d 844, 851 (6th Cir. 2020).  The court found that "[t]he ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by [the plaintiff's] nonsevere impairments at step two of her analysis," satisfied the requirements of 20 C.F.R. § 416.945(e) and SSR 96-8p.  *Id.* at 852; *see also Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025) ("Considering the substantial evidence supporting the ALJ's findings that Napier's limitations were no more than mild and the ALJ's repeated statements that it took all of Napier's limitations into account, we hold that the ALJ adequately accounted for Napier's limitations in the residual functional capacity analysis.").

Arguing that she required greater limitations for her mental impairments, plaintiff cites records showing that she was diagnosed with major depression and prescribed medication, and treatment notes describing anxiety, excessive worrying, restlessness, irritability, and difficultly concentrating.  ECF No. 10, PageID.1326 (citing ECF No. 6-1, PageID.75, 90-91, 690-691).  But a diagnosis says nothing about its disabling effects.  *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).  And the ALJ recognized that plaintiff was prescribed medication for her mental health impairments but found that "her symptoms [were] well controlled on medication, with no side effects."  ECF No. 6-1, PageID.168.  The finding that plaintiff's mental health impairments were controlled by therapy is supported by evidence in the record.  *See, e.g.*, *id*., PageID.684, 811, 1014, 1288.  The ALJ also noted that plaintiff's "PHQ-9 depression screening questionnaire are routinely negative, and psychiatric findings are normal," and that she sought no other psychiatric treatment or counseling. *Id*., PageID.167-168, 171.

Even if the records plaintiff cites could support a finding that she needed greater limitations for her mental health impairments, the Court must affirm the ALJ's decision if it is supported by substantial evidence. *Hatmaker*, 965 F. Supp. 2d at 930.  The handful of records plaintiff cites are

6

insufficient to undermine the ALJ's finding that her mental illnesses were well controlled by medication.  So plaintiff does not meet her burden of showing that she required a more restrictive RFC.  *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

## C.

Plaintiff asserts that the ALJ did not properly evaluate the medical opinions of Megan Monroe, OTRL, and Matthew Zamora, PA-C, about plaintiff's physical impairments.  ECF No. 10, PageID.1330-1336; ECF No. 13, PageID.1366-1368.

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(a).  "But the regulations only require ALJs to discuss the first two—supportability and consistency."  *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021).  Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. §§ 404.1520c(c)(1), 416.920c(c)(1).  An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive.  §§ 404.1520c(c)(2), 416.920c(c)(2).

7

Plaintiff claims that the medical records do not support the ALJ's decision to find the opinions of therapist Monroe and PA Zamora only partially persuasive, and that the ALJ improperly substituted her own judgment for that Monroe and Zamora.  ECF No. 10, PageID.1332, 1335. Plaintiff's challenge to the ALJ's evaluation of those opinions lacks merit both factually and as a matter of law.

Start with the factual record.  State agency physicians Reuben Henderson, D.O., and Ashok Sachdev, M.D., found that plaintiff had an RFC for light work but with standing or walking for a total for four hours a workday; sitting for up to six hours a workday; a sit-stand option allowing her to alternate positions hourly; no climbing of ladders; occasional climbing of ramps and stairs; occasional balancing, kneeling, crouching, and crawling; frequent stooping; avoidance of exposure to extreme cold, wetness, hazards, heights, and uneven terrain.  ECF No. 6-1, PageID.171-172, 213-215, 239-242.  Those opinions provided substantial evidence for the ALJ's assessment of plaintiff's RFC, which mirrored the state agency consultants' opinions. *Id.*, PageID.169, *Hibbard v. Astrue*, 537 F. Supp. 2d 867, 874 (E.D. Ky. 2008) ("The Social Security regulations permit the ALJ to consider the medical opinions of State agency consultants; indeed, they are considered experts in Social Security disability evaluation.").

8

And as a legal matter, "[t]he Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC….  An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). And under current regulations, the ALJs do "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."  20 C.F.R. § 404.1520c(a); *see also Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 633 (E.D. Mich. 2022), *aff'd,* No. 22-1293, 2022 WL 17348838 (6th Cir. Dec. 1, 2022).  So the ALJ was fulfilling her duty to weigh the evidence in the record when she found Monroe's and Zamora's opinions only partly persuasive; she did not improperly substitute her judgment for those medical sources.

Plaintiff also argues the ALJ did not sufficiently explain her reasons for finding Monroe's and Zamora's opinions only partially persuasive.  The Court disagrees.  The ALJ described Monroe's September 2023 opinion that plaintiff could perform light work with lifting up to 11.5 pounds and "occasional tolerance for bending, pinching, simple grasping on right, firm grasping on left."  ECF No. 6-1, PageID.172, 1232.  The ALJ found that

9

opinion "partly persuasive" because it "is generally supported by contemporaneous testing, although the lifting limitation is somewhat inconsistent with the record documenting the claimant's post alleged onset work and other activities."  *Id.*, PageID.172.

The ALJ also described Zamora's October 2023 medical source opinion that plaintiff would have likely been off task at least 25% of the time and that she could not perform even "low stress" jobs.  *Id.*, PageID.172,1301.  The ALJ found those opinions partly persuasive because they were "not supported either by the testing or by the claimant's activities, including her daily activities and continued work (albeit under [substantial gainful activity] level) involving stresses of customer interactions."  *Id.*, PageID.172.

The ALJ determined that plaintiff's "level of activities [was] overall not consistent with the alleged extent of [her] debilitation."  *Id.,* PageID.170. Plaintiff claimed she could only lift ten pounds, but she "live[d] alone in an upper story apartment with no elevator," had to traverse "15 stairs to her apartment," and took "her laundry to her mother's home to wash and independently grocery shopped."  *Id.*, PageID.170-171.  Plaintiff "reported no difficulty tending to personal care tasks, she prepared meals daily,"

"performed housework daily," and "helped her elderly parents." *Id.* Those activities required lifting and grasping.

The ALJ noted that plaintiff reported in September 2022 that she was working "40 hours per week, on her feet, and wanted to reduce due to pain that intensifies during her shift." *Id.*, PageID.170. In June 2023, plaintiff was still working at McDonalds, though she was allowed an extra 15-minute break every full shift. *Id.* The ALJ was also persuaded by the opinions of state agency psychologist Ronald Marshall, Ph. D., that plaintiff had no difficulties interacting with others and only mild difficulties in understanding, remembering, or applying information. *Id.*, PageID.171.

Plaintiff emphasizes that Zamora's opinions about her ability to stay on task align with other evidence, including her request for an extra break while working at McDonald's and her testimony that she had "difficulty getting along with her supervisor." ECF No. 10, PageID.1335-1336 (citing ECF No. 6-1, PageID.189). But the ALJ noted and considered that plaintiff had asked for an extra break while working at McDonalds. And though plaintiff testified that she stopped working for a physical therapist who "harassed" her, she did not connect that harassment to any alleged impairments. ECF No. 6-1, PageID.189.

11

At bottom, the ALJ's decision is supported by substantial evidence, so the decision "must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *See Cutlip*, 25 F.3d at 286.

## III.  Conclusion

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 10), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 12), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 26, 2026

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager